UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                          **DECISION AND ORDER**
                                                11-CR-104S

BEVERLY BAER,

                       Defendant.

On January 3, 2020, Defendant Beverly Baer moved to terminate the remaining period of her supervised release—approximately 16 months—under 18 U.S.C. § 3583 (e)(1). (Docket No. 50.) She contends that termination of her supervised release period is warranted because she has succeeded on release and has completed numerous programs. The probation department and government oppose Defendant's motion. (Docket No. 52.) For the reasons below, Defendant's motion is denied.

A court may terminate a term of supervised release and discharge a defendant at any point after the defendant has served one year of supervised release. See 18 U.S.C. § 3583 (e)(1). But the court may do so only if it is satisfied that termination of supervised release is warranted by the defendant's conduct and the interest of justice, after consideration of the relevant factors in 18 U.S.C. § 3553 (a). Id. Early termination may be appropriate to "account for new or unforeseen circumstances," which may include a defendant's exceptionally good behavior, that makes the imposed term of supervised release "either too harsh or inappropriately tailored to serve" the general goals of sentencing. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Having considered the relevant factors in 18 U.S.C. § 3553 (a), this Court finds

that termination of Defendant's term of supervised release is not warranted and would not be in the interest of justice. Defendant supplied cocaine to the Chosen Few Motorcycle Club, a violent motorcycle gang operating in the Western District of New York. She also kept firearms in her house to protect her drug-trafficking operations, with law enforcement discovering 12 such firearms and dozens of rounds of ammunition during the execution of a search warrant. Defendant pleaded guilty to conspiring to possess with intent to distribute and distributing 500 grams or more of cocaine, as well as to possessing a firearm in furtherance of a drug-trafficking crime. (Docket Nos. 12, 13.) She received an initial aggregate sentence of 114 months' imprisonment, which was later reduced to an aggregate term of 93 months' imprisonment. (Docket Nos. 21, 43.)

While Defendant's successes on supervision and completion of several programs may be laudable, they alone do not warrant termination of supervision. See, e.g., United States v. Fenza, No. CR 03-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."); United States v. Jimenez, Nos. 99 Cr. 1110-02, 99 Cr. 1193-04, 2012 WL 3854785, at *1 (S.D.N.Y. Sept. 5, 2012) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (finding that "unblemished" conduct alone is insufficient to warrant the termination of supervised release, "since, if it were, the exception would swallow the rule."); see also United States v. Finkelshtein, 339 F. Supp. 3d 135, 136 (W.D.N.Y. 2018) ("Simply

complying with the terms of a probationary sentence and not reoffending does not generally constitute the type of extraordinary circumstances justifying early termination of probation."); United States v. Rusin, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law.").

Rather, in the absence of any truly compelling circumstances, this Court finds that the nature and circumstances of the offense, the seriousness of Defendant's criminal conduct, and the continuing interests of deterrence counsel in favor of maintaining Defendant's supervised release. Defendant's motion for early termination is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion for Early Termination of Supervised Release (Docket No. 50) is DENIED.

SO ORDERED.


Dated: February 24, 2020
       Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge